**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MEDTRONIC, INC., MEDTRONIC PS MEDICAL, INC., MEDTRONIC PUERTO RICO OPERATIONS CO., and MEDTRONIC USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BRASSELER USA, INC.,<br><br>Defendant. | Case Number: _____<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

Plaintiffs Medtronic, Inc., Medtronic PS Medical, Inc. ("PS Medical"), Medtronic Puerto Rico Operations Co. ("MPROC"), and Medtronic USA, Inc. ("USA") (hereafter, collectively "Medtronic"), for their Complaint against Defendant Brasseler USA, Inc. ("Brasseler"), state and allege as follows:

**THE PARTIES**

1. Medtronic, Inc. is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Medtronic, Inc. develops and manufactures a wide range of products and therapies with emphasis on providing a complete continuum of care to diagnose, prevent and monitor chronic conditions. Founded in 1949, Medtronic has grown to become the world's largest independent medical technology company.

2. PS Medical is a California corporation with its principal place of business in Goleta, California. PS Medical is a wholly-owned subsidiary of Medtronic, Inc.

3. MPROC is a corporation organized under the laws of the Cayman Islands with its principal place of business in Humacao, Puerto Rico. MPROC is a wholly-owned subsidiary of Medtronic, Inc.

4. USA is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. USA is a wholly owned subsidiary of Medtronic, Inc.

5. Upon information and belief, Brasseler is a Delaware corporation with its principal place of business in Savannah, Georgia.

## JURISDICTION AND VENUE

6. This is an action for patent infringement, trademark infringement, violation of the Minnesota Deceptive Trade Practices Act, and unfair competition, arising under the patent laws of the United States, the trademark laws of the United States, the Minnesota Deceptive Trade Practices Act, Minn. Stat. 325D.43, *et seq*., and the common law.

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (acts of Congress relating to patents and trademarks), 15 U.S.C. §1121 (actions arising under the Federal Trademark Act), and 28 U.S.C. § 1338(b) (pendent unfair competition claims). The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b) because Brasseler is subject to personal jurisdiction in this judicial district and, on information and belief, has committed acts of infringement in this District.

## **MEDTRONIC'S MIDAS REX® LEGEND® SYSTEM**

9. Medtronic develops products for the diagnosis and treatment of chronic diseases and disorders of the ear, nose and throat; surgical devices and implantable products for the treatment of cranial, spinal and specialty small-bone conditions; and state-of-the-art navigation equipment used in operating rooms to assist physicians in neuro and spinal surgery procedures.

10. The Midas Rex® Legend® system is a powered surgical instrument system manufactured and sold by Medtronic.  The Midas Rex® Legend® system consists of powered drills with interchangeable attachments and tools.  The tools are designed to fit into the attachments, which, in turn, fit into the drills.  Different attachments and tools are available for almost any surgical need – from precise excision in delicate areas to rapid removal of large, bulky lesions.

11. The attachments available in the Midas Rex® Legend® system include straight, telescoping and angled attachments in various shapes and sizes, such as those shown below.



12. Interchangeable tools are designed to fit in the attachments. Tools are available in a multitude of different shapes and sizes according to the precise surgical need. Tools in the Midas Rex® Legend® system include straight, cylindrical, oval and tapered balls and burs. Examples appear below.



13. Medtronic owns intellectual property rights used in connection with the Midas Rex® Legend® system.

## MEDTRONIC'S INTELLECTUAL PROPERTY RIGHTS

14. PS Medical is the owner by assignment of all rights, title and interest in and to United States Patent No. 7,011,661 ("Surgical Instrument with Rotary Cutting Member and Quick Release Coupling Arrangement") (the "'661 patent"). A copy of the '661 patent is attached as Exhibit A.

15. In addition, PS Medical is the owner by assignment of all rights, title and interest in and to United States Patent No. 7,066,940 ("Surgical Instrument with Rotary Cutting Member and Quick Release Coupling Arrangement") (the "'940 patent"). A copy of the '940 patent is attached as Exhibit B.

16. Medtronic uses the technology described and claimed in the '661 and '940 patents in the Midas Rex® Legend® system.

4

17. PS Medical granted an exclusive license to the '661 and '940 patents to MPROC.

18. MPROC granted an exclusive sublicense to USA to sell and offer to sell products covered by the '661 and '940 patents in the United States.

19. Medtronic, Inc. is the owner of the highly distinctive trademarks MEDTRONIC, MIDAS REX and LEGEND used in connection with the Midas Rex® Legend® system. PS Medical, MPROC and USA are authorized to use the MEDTRONIC, MIDAS REX and LEGEND trademarks in connection with the manufacture, promotion and sale of products in the Midas Rex® Legend® system.

20. Medtronic has continuously used the MEDTRONIC trademark in connection with many innovative medical products since 1949.

21. Medtronic and its predecessors have continuously used the MIDAS REX trademark in connection with surgical apparatus since at least 1965.

22. Medtronic has used the LEGEND trademark continuously since at least 2002.

23. In addition to the substantial common law rights Medtronic has in the MEDTRONIC, MIDAS REX and LEGEND trademarks, Medtronic, Inc. owns the following valid and subsisting federal trademark registrations, which are incontestable under 15 U.S.C. § 1065:

(A) United States Registration No. 1,038,755 for the trademark MEDTRONIC for use with medical apparatus and instruments;

(B) United States Registration No. 1,435,398 for the trademark MIDAS REX for use with "medical and surgical apparatus, namely, apparatus for cutting and dissecting tissue and bone including a pneumatic rotary motor and associated cutting and dissecting tools; apparatus for the drilling of bone include a pneumatic rotary motor and associated tools; apparatus for the removal of broken femoral stem prostheses; and apparatus for the visual observation of internal body cavities, in class 10;" and

(C) United States Registration No. 2,637,495 for the trademark LEGEND for use with a "neurosurgery system consisting of high-speed, high-torque motors and attachments consisting of cranial perforators, sagital saws and drill drivers."

24. Medtronic created a unique combination of product numbers and bold coloring for use with the Midas Rex® Legend® system. The product numbers and bold coloring system serve as source-identifiers for the Midas Rex® Legend® system and indicate to surgeons and others in the operating room that the products are manufactured and sold by Medtronic.

25. The word marks MEDTRONIC, MIDAS REX, and LEGEND, the unique product numbers Medtronic created for use with the Midas Rex® Legend® system, and the unique, bold color system Medtronic created for use with the Midas Rex® Legend® system are hereafter referred to as "Medtronic's Trademarks" and "Trademarks."

26. Medtronic has expended substantial time, resources, and effort promoting the Trademarks and developing substantial good will in the Trademarks.

27. Medtronic's Trademarks indicate a single source of goods and services and are extremely valuable.

## BRASSELER'S WRONGFUL CONDUCT

28. Brasseler recently began selling replacement parts for tools in the Midas Rex® Legend® system. Brasseler's tools are described in Brasseler's product catalog as "Medtronic® Midas Rex® Legend® Replacements." An excerpt from Brasseler's catalog identifying the tools Brasseler is selling for use with Medtronic's Midas Rex® Legend® system is attached as Exhibit C (hereafter "Accused Products").

29. Brasseler' s manufacture and sale of the Accused Products infringe one or more claims of the '661 and '940 patents, including at least claim 34 of the '661 patent and claim 1 of the '940 patent.

30. The Accused Products are specifically designed for use with the Midas Rex® Legend® system and have no other purpose.

31. The Accused Products have essentially the same dimensions as the tools in the Midas Rex® Legend® system so that they can be used as substitutes for the tools Medtronic sells as part of the Midas Rex® Legend® system.

32. In addition to infringing Medtronic's patents, Brasseler is infringing Medtronic's Trademarks and attempting to confuse purchasers and users into believing that the Accused Products are Medtronic products, or that the Accused Products are sponsored by, endorsed by, or approved by Medtronic.

33. On April 5, 2011, a Brasseler Account Manager represented that Brasseler "now offers Midas Rex Legend burs @ 20-40% cost savings."

34. On information and belief, Brasseler has represented that it is selling "Midas Rex Legend" products on other occasions.

35. The Accused Products are not Midas Rex® Legend® products and Brasseler is using Medtronic's Trademarks without permission or authority from Medtronic.

36. In its product catalog, Brasseler identifies the Accused Products it is selling using the trademarks MEDTRONIC, MIDAS REX and LEGEND. Brasseler describes the products as "Medtronic® Midas Rex® Legend® Replacements."

37. Brasseler lists Medtronic's product numbers in its catalog. Brasseler also lists its own "Brasseler USA Order Number." The Brasseler USA Order Number is identical to Medtronic's product numbers with the addition of the prefix "MR."

38. Brasseler is using Medtronic's Trademarks without any identifiers or trademarks unique to Brasseler. Medtronic's Trademarks are the *only* trademarks used within the catalog to identify the products. The BRASSELER trademark does not appear in the catalog alongside Medtronic's Trademarks, nor did Brasseler bother to give the replacement tools any name or identifying feature unique to Brasseler. The only names used to identify the products are "Medtronic®," "Midas Rex®," and "Legend®."

39. The manner in which Brasseler is using Medtronic's Trademarks in its product catalog and other promotional materials for the Accused Products is likely to cause confusion because it suggests that the Accused Products are affiliated, connected,

or associated with Medtronic, or that they are sponsored, endorsed or approved by Medtronic.

40. Brasseler is also infringing Medtronic's Trademarks on the packaging for the Accused Products.

41. The Accused Products are packaged in clear, sterile tubes and then placed in an outer pouch. The outer pouch identifies the tool using Medtronic product numbers and states that the tool is "for use with Midas Rex Legend."

42. The inner tube displays a colored label with a product number. The color of the label and the product number are identical to the color and product number Medtronic uses with its Midas Rex® Legend® tools.

43. Once removed from the outer pouch, the Brasseler tools have no markings identifying Brasseler as the source, as illustrated in the photo below.



44. Before a surgery is conducted with the Midas Rex® Legend® surgical instrument system, a circulating nurse generally removes the tool from its outer pouch. Once the circulating nurse does so, there is no way for the rest of the surgical team to identify the tool as a Brasseler tool, as opposed to a Medtronic tool.

45. Brasseler is not only infringing Medtronic's '661 and '940 patents, Brasseler has wholesale adopted Medtronic's branding for use with the Accused Products and, in doing so, has created a situation where confusion is inevitable.

46. The Accused Products are of lesser quality than the tools Medtronic sells as part of the Midas Rex® Legend® system and are more likely to break or to perform poorly during use, thus damaging Medtronic's reputation.

47. Brasseler began its infringement of Medtronic's Trademarks with full knowledge of Medtronic's prior rights in Medtronic's Trademarks.

48. Brasseler does not have permission from Medtronic to use Medtronic's Trademarks.

49. On information and belief, Brasseler is using Medtronic's Trademarks in commerce in the United States, and in this District, in direct competition with Medtronic.

50. Brasseler has used, and is currently using, Medtronic's Trademarks in its product catalog which, on information and belief, has been distributed in Minnesota.

51. Use of Medtronic's Trademarks in the manner described above falsely indicates to the purchasing public that Brasseler's products originate with Medtronic, or are affiliated, connected or associated with Medtronic, or are sponsored, endorsed, or approved by Medtronic.

52. Use of Medtronic's Trademarks in the manner described above falsely designates the origin of Brasseler's products, and falsely and misleadingly describes and represents material facts with respect to Brasseler's products.

53. Use of Medtronic's Trademarks in the manner described above enables Brasseler to trade on and receive the benefit of good will in Medtronic's Trademarks, which Medtronic has built up at great expense over many years.

54. Use of Medtronic's Trademarks in the manner described above also allows Brasseler to gain acceptance for its knock-off products, not on their own merit, but on the reputation and good will of Medtronic.

55. Brasseler's conduct has caused irreparable injury to Medtronic and, unless enjoined, will continue to cause irreparable injury to Medtronic.

### COUNT ONE
### Infringement of U.S. Patent No. 7,011,661

56. Medtronic incorporates the previous allegations.

57. Brasseler has infringed and is currently infringing the '661 patent by manufacturing, using, selling, and/or offering to sell the Accused Products in the United States. Brasseler is further infringing the '661 patent by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, selling, and/or offering for sale of the Accused Products.

58. Brasseler's infringement of the '661 patent has been willful, deliberate, and intentional.

59. Brasseler's infringement of the '661 patent has damaged Medtronic in an amount to be proven at trial.

60. Medtronic will continue to be damaged in the future and will suffer further irreparable injury, for which Medtronic has no adequate remedy at law, unless Brasseler is preliminarily and permanently enjoined from infringing the '661 patent.

## COUNT TWO
## Infringement of U.S. Patent No. 7,066,940

61.     Medtronic incorporates the previous allegations.

62.     Brasseler has infringed and is currently infringing the '940 patent by manufacturing, using, selling, and/or offering to sell the Accused Products in the United States.  Brasseler is further infringing the '940 patent by actively inducing others to infringe and/or contributing to the infringement by others in the making, using, selling, and/or offering for sale of the Accused Products.

63.     Brasseler's infringement of the '940 patent has been willful, deliberate, and intentional.

64.     Brasseler's infringement of the '940 patent has damaged Medtronic in an amount to be proven at trial.

65.     Medtronic will continue to be damaged in the future and will suffer further irreparable injury, for which Medtronic has no adequate remedy at law, unless Brasseler is preliminarily and permanently enjoined from infringing the '940 patent.

## COUNT THREE
## Trademark Infringement in Violation of 15 U.S.C. § 1114(1)

66.     Medtronic incorporates the previous allegations.

67.     Brasseler's conduct constitutes trademark infringement of federally registered trademarks in violation of 15 U.S.C. § 1114(1).

68.     Brasseler's actions have been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

69. Brasseler' conduct is causing, and will continue to cause, irreparable harm to Medtronic unless it is preliminarily and permanently enjoined by this Court.

70. Medtronic has suffered damages as a result of Brasseler' infringement in an amount to be proven at trial.

## COUNT FOUR
### Violation of Section 43(a) of the Lanham Act

71. Medtronic incorporates the previous allegations.

72. Brasseler's conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. Brasseler's actions have been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

74. Brasseler's conduct is causing, and will continue to cause, irreparable harm to Medtronic unless it is preliminarily and permanently enjoined by this Court.

75. Medtronic has suffered damages as a result of Brasseler' infringement in an amount to be proven at trial.

## COUNT FIVE
### Violation of Minnesota Deceptive Trade Practices Act

76. Medtronic incorporates the previous allegations.

77. Medtronic's Trademarks are "trademarks" as defined in Minn. Stat. § 325D.43.

78. The conduct described above by Brasseler is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

79. The conduct described above by Brasseler is likely to cause confusion or misunderstanding as to any affiliation, connection, or association between Medtronic and Brasseler.

80. Brasseler's actions violate Minn. Stat. § 325D.44.

81. Brasseler has willfully engaged in the above-described trade practices, knowing them to be deceptive.

82. As a result of Brasseler' conduct, Medtronic is entitled to an injunction and attorneys' fees under Minn. Stat. § 325D.45.

## COUNT SIX
## Unfair Competition

83. Medtronic incorporates the previous allegations.

84. Brasseler's actions described above constitute unfair competition.

85. Medtronic has been damaged as a result of Brasseler's unfair competition in an amount to be proven at trial.

## COUNT SEVEN
## Common Law Trademark Infringement

86. Medtronic incorporates the previous allegations.

87. Brasseler's conduct constitutes trademark infringement in violation of the common law of the State of Minnesota and other states where Brasseler is selling the Accused Products.

88. Medtronic has been damaged as a result of Brasseler's infringement in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Medtronic asks the Court to:

A. Preliminarily and permanently enjoin Brasseler and its officers, agents, servants, directors, employees, affiliated entities, and those persons in active concert or participation with any of them, from:

- continuing to import, manufacture, use, sell, or offer to sell the Accused Products;
- further infringement of the '661 and '940 patents;
- further infringement of Medtronic's Trademarks;
- further violations of the Minnesota Deceptive Trade Practices Act; and
- further acts of unfair competition.

B. Order an accounting for the profits and damages arising out of Brasseler's infringement of the '661 and '940 patents;

C. Award compensatory and exemplary damages, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest, but no less than a reasonable royalty for Brasseler's infringement of the '661 and '940 patents;

D. Award damages for Brasseler's infringement of Medtronic's Trademarks and acts of unfair competition in an amount to be proven at trial;

E. Award the reasonable attorneys' fees, costs, and expenses Medtronic incurs in this action;

F. Grant Medtronic pre-judgment and post-judgment interest on Medtronic's damages, as allowed by law; and

G. Grant any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Medtronic respectfully requests a trial by jury of all issues so triable.

Respectfully submitted,

Dated: May 31, 2011

 s/Kurt J. Niederluecke
Kurt J. Niederluecke (#271597)
*kniederluecke@fredlaw.com*
Lora Mitchell Friedemann (#259615)
*lfriedemann@fredlaw.com*
Laura L. Myers (#387116)
*lmyers@fredlaw.com*
Ted C. Koshiol (#390542)
*tkoshiol@fredlaw.com*
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

ATTORNEYS FOR PLAINTIFFS

4914857_2.DOC